UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANDRAE EVANS,

                    Plaintiff,                          **JURY DEMAND**
                                                        **VERIFIED COMPLAINT**

                                                        **Civ. No.**

          v.

MONROE COUNTY,
MARY YOUNGE, as Aider and Abettor, and
ROBERT J. BURNS, as Aider and Abettor,

                    Defendants.

---

## PRELIMINARY STATEMENT

Plaintiff, Andrae Evans, (an African American male) seeks redress for employment discrimination and retaliation suffered by him while employed by defendant Monroe County on account of his race/color and sex. Defendants Monroe County, Mary Younge, individually and in her official capacity, and Robert J. Burns, individually and in his official capacity, violated plaintiff's statutory and constitutional rights and discriminated and retaliated against him on account of his race/color and/or sex. The discriminatory and retaliatory conduct by the defendants was in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5 *et seq.*, 42 U.S.C. § 1981, 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and Article 15 of the New York Executive Law § 296.

## PARTIES

1.    At all times hereinafter mentioned plaintiff Andrae Evans was and remains a resident of the Town of Irondequoit, County of Monroe, State of New York.

2.    Defendant Monroe County is a governmental entity organized and existing under

the laws of the State of New York.

2.     At all times mentioned herein defendant Mary Younge (hereinafter "Younge") was an employee, agent or representative of Monroe County and is a resident of the County of Monroe, State of New York.

3.     At all times mentioned herein defendant Robert J. Burns (hereinafter "Burns") was an employee, agent or representative of Monroe County and is a resident of the County of Monroe, State of New York.

## JURISDICTION AND VENUE

4.     This is an action brought by plaintiff against defendants Monroe County, Mary Younge, and Robert J. Burns for racial discrimination, sex discrimination, and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., 42 U.S.C. § 1981, 42 U.S.C. § 1983, and New York State Executive Law § 296.

5.     This action is brought against defendant Younge as an aider and abettor pursuant to § 296 of the New York State Executive Law.

6.     This action is also brought against defendant Burns as an aider and abettor pursuant to § 296 of the New York State Executive Law.

7.     The Court has federal question jurisdiction over this action under 28 U.S.C. § 1331, 1343(a) pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq, 42 U.S.C. § 1981, 42 U.S.C. § 1983. The Court also has supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367.

8.     Prior to instituting this suit, Plaintiff exhausted his administrative remedies through dual filing with the New York State Division of Human Rights ("DHR") and the United States Equal Employment Opportunity Commission ("EEOC").

9.      On October 9, 2018, DHR determined, after concluding an investigation, that there was probable cause to believe that defendant Monroe County engaged in unlawful race/color and/or sex-based discrimination against Mr. Evans. A copy of the DHR Determination After Investigation is attached hereto as Exhibit "A."

10.      On or about February 29, 2019, at Mr. Evans' request, the DHR issued a Recommended Order of Dismissal for Administrative Convenience. The Recommended Order was adopted by the Commissioner and incorporated into a Final Order on March 1, 2019.

11.      On April 10, 2019, also at Mr. Evans' request, the EEOC issued a Notice of Right to Sue letter. Copies of the DHR Recommended Order, the DHR Final Order, and the EEOC Notice are jointly attached hereto as Exhibit "B." These requests were made in order to permit Mr. Evans the opportunity to commence this proceeding in federal court.

12.      For the foregoing reasons, the Court has jurisdiction over this matter.

13.      Venue is also proper in the Western District of New York, pursuant to 28 U.S.C. § 1391(a)(2) because plaintiff was employed by defendant Monroe County in the Western District of New York and the events or omissions giving rise to the claims herein occurred in this District.

## FACTUAL ALLEGATIONS

14.      Plaintiff Andrae Evans is an African American male.

15.      Plaintiff is a highly decorated veteran of the United States Army where he served his country for a total of thirty-four years. During his military service, plaintiff earned the rank of Lieutenant Colonel and received two bronze stars for his heroism and exceptional service.

16.      Plaintiff served as an active duty soldier during a number of international conflicts. Specifically, plaintiff completed four tours of duty in active wars zones, including one tour of duty in Iraq and three tours of duty in Afghanistan.

3

17.    In addition to being a decorated veteran, plaintiff has served as a U.S. Army counter-drug intelligence officer attached to the Drug Enforcement Administration (DEA), has served as a consultant to various law enforcement agencies in New York State, and has served his local community in various humanitarian and charitable endeavors.

18.    Plaintiff began his employment with defendant Monroe County in or around March 2017.

19.    Plaintiff was hired by defendant Monroe County as Safety and Security Administrator in the Monroe County Department of Public Safety.

20.    During his employment with Monroe County, plaintiff was responsible for planning, directing, and overseeing the implementation of comprehensive safety and security strategies and systems that would ensure the physical protection of employees, facilities, property, assets, and the public. Plaintiff's duties included responding to fire alarms, suspected break-ins, unauthorized building access, and other emergencies.

21.    Defendant Robert J. Burns, the Director of Monroe County Department of Public Safety, was at all times relevant plaintiff's supervisor and had day-to-day control and authority over his duties and responsibilities.

22.    During his employment, plaintiff received a written performance evaluation at which time he was informed that his performance was excellent. Plaintiff received an increase in pay as a result of the favorable evaluation.

23.    In or about April 2018, plaintiff was unlawfully terminated based on race and sex and in retaliation for complaining about racially discriminatory conduct that resulted from an incident that occurred on or about February 21, 2018.

24.    On or about February 20, 2018, plaintiff discovered a serious malfunction in the

4

health care monitoring system that controlled defendant Monroe County's vaccine products at its health care clinic in Rochester, New York, where defendant Younge was the health clinic supervisor.

25. On or about February 21, 2018, plaintiff visited defendant Monroe County healthcare clinic to inspect the vaccine monitoring system.

26. While at the clinic, plaintiff was confronted by defendant Younge, who was acting in her official capacity, regarding the health care monitoring system.

27. Specifically, defendant Younge accused plaintiff and his staff of being incompetent because they missed a monitoring alarm on February 18, 2019.

28. Defendant Younge racially disparaged and berated plaintiff, and also stated that "everything worked better when the . . . white guy was in charge."

29. Defendant Younge subsequently admitted, in sum and substance, to making the afore-mentioned statements to the plaintiff and being "snarky."

30. Plaintiff, in response to the race based and disparaging comments, asked that defendant Younge be mindful of her words and that they return to a mutually respectful conversation.

31. Realizing that his request was to no avail, plaintiff calmly terminated the conversation with defendant Young and walked away.

32. Defendant Younge then proceeded to follow plaintiff as he walked away aggressively shouting "get your ass back here; I am not done with you yet."

33. Plaintiff, who suffers from a medical condition involving the paralysis of his vocal cords related to his military service, being unable to speak in a raised voice in response to defendant Younge's shouting, calmly proceeded to walk away from defendant Younge and towards the

5

clinic's elevator bay.

34.    Despite terminating the conversation with defendant Younge, defendant Younge proceeded to pursue and berate plaintiff onto the elevator and up to the second floor of the clinic.

35.    Plaintiff then promptly reported the incident and the racially offensive conduct to Michael Sayers, defendant Monroe County's Program Manager in the Office of Public Health Preparedness, who was located in the health clinic building at the time of the incident.

36.    Mr. Sayer informed plaintiff that other similar problems had previously arose between defendant Younge and other employees.

37.    Plaintiff then reported the incident and the racially offensive conduct to Perry Wheeler, defendant Monroe County's Director of Operations for the Department of Human Services.

38.    Plaintiff then reported the incident and the racially offensive conduct to Timothy Kohlmeier, defendant Monroe County's Deputy Public Safety Director and Emergency Manager, who was defendant Burns' designee on the day of the incident.

39.    On or about March 22, 2019, plaintiff was informed by defendant Burns, while acting in his personal and official capacity, that plaintiff was under investigation regarding the incident involving defendant Younge because defendant Younge had filed a complaint alleging that plaintiff had raised his voice and threatened her. This was a lie.

40.    Mr. Evans is unable to speak in a raised voice because he suffered a military service related injury that caused the paralysis of his vocal cords. As such, defendant Younge's allegations that Mr. Evans raised his voice and threatened her were false and completely fabricated.

41.    During the investigation, defendant Monroe County deliberately failed to interview all persons who possessed relevant information during its investigation, despite knowing the

6

identities of these witnesses.

42.     An example of this, upon information and belief, is that defendant Monroe County deliberately failed to interview Perry Wheeler and deliberately failed to identify and interview a nurse that was present at the time of the incident.

43.     In its investigation, defendant Monroe County and defendant Burns assumed that defendant Younge's statement of the events to be true and dismissed Mr. Evans' statements simply because he was an African American man.

44.     Defendant Monroe County was aware of offensive and racially discriminatory conduct within county operations but exercised no reasonable care to prevent or correct said for its African American employees to avoid harm.

45.     Upon information and belief, defendants Monroe County and Burns, while acting in his official capacity, were aware of other incidents of racially discriminatory conduct by defendant Younge but failed to investigate, address, or remedy any allegations made therein.

46.     Defendant Burns advised Mr. Evans that he would be terminated from his employment if he did not admit guilt, apologize to defendant Younge in writing for any and all alleged wrongdoing, be subject to a final warning sanction, and attend an EAP session. These conditions were being placed upon Mr. Evans' because he was an African American male.

47.     Plaintiff, being a decorated veteran and having been a satisfactory employee since his employment with defendant Monroe County, refused to agree to the baseless terms stipulated by defendant Burns.

48.     Plaintiff maintained his innocence and denied any and all allegations that he threatened and/or caused harm to defendant Younge.

49.     No white and/or female employee of defendant Monroe County has ever been

7

required to admit guilt, apologize, be subject to a final warning, or attend an EAP session for alleged wrongful conduct he or she did not do as a condition to maintain his or her employment.

50. Because he refused to admit to any wrongdoing he did not commit, Mr. Evans was constructively discharged and forced to resign from his employment with defendant Monroe County. This would not have happened but for the fact that Mr. Evans is an African American male.

51. While Mr. Evans, an African American male and a decorated veteran, was caused to be constructively terminated by defendant Monroe County as result of the investigation, defendant Younge, the Caucasian female employee involved in the incident, despite her racial and offensive conduct, was not disciplined by defendant Monroe County.

52. Further, during the investigation, defendant Monroe County deliberately failed to interview all persons with information, including witnesses with information contrary to the allegations advanced by defendant Younge despite being aware of their identities.

53. Unlike Mr. Evans, defendant Younge, a Caucasian female that made racially offensive statements, was not required to agree to any terms of discipline to maintain her employment with defendant Monroe County as result of the workplace violence investigation.

54. Specifically, defendant Younge was not required to apologize to Mr. Evans or attend EAP sessions to maintain her employment with defendant Monroe County, unlike Mr. Evans. This was despite defendant Younge being the wrongdoer and subjecting Mr. Evans to offensive discriminatory treatment.

55. Upon information and belief, these acts are representative of the pattern and practice of defendant Monroe County's conduct of treating its African American male employees differently than its Caucasian and/or female employees.

8

56.    Defendant Monroe County was aware of the offensive, discriminatory, and retaliatory conduct but exercised no reasonable care to prevent or correct said conduct.

57.    Plaintiff was treated differently than individuals not in plaintiff's protected class in that he was investigated, disciplined, and subjected to constructive termination from his employment, unlike defendant Younge and other Caucasian and/or female employees.

58.    Plaintiff's race and/or sex were the sole motivating factors in defendant's decision to investigate and discipline plaintiff, up to an including constructive termination. This discipline, including constructive termination, was both discriminatory and in retaliation for plaintiff's accusations made against a Caucasian woman, defendant Younge.

59.    Defendant Burns' disciplinary ultimatum to plaintiff, despite being aware of no former similar conduct and never treating any Caucasian and/or female like that, amounted to discriminatory, retaliatory, and differential treatment. This discriminatory and retaliatory conduct by defendant Monroe County, by and through its employees, was the cause of plaintiff's constructive termination from his employment.

60.    Upon information and belief, defendant Monroe County has a practice, policy and custom of racially based discriminatory and retaliatory treatment and discipline.

61.    Monroe County was aided and abetted in the aforesaid racial discrimination by defendant Younge who defamed Mr. Evans and perpetrated the discriminatory treatment resulting in his loss of livelihood for himself and his family.

62.    The above described racial and/or sex-based discrimination and retaliatory treatment created an intimidating, oppressive, hostile and offensive working environment which interfered with Mr. Evans' emotional wellbeing, his ability to perform his work, and other terms and conditions of his employment.

9

63.    Defendant Monroe County failed to take all reasonable steps to prevent the racial and/or sex-based discrimination, harassment, and hostile work environment from occurring and to protect Mr. Evans from racial and/or sex discrimination and retaliation.

64.    In retaliation for having made a complaint of the discriminatory conduct and harassment, Mr. Evans was, among other things, mistreated by his supervisor and Monroe County employees, and subsequently terminated from his employment.

65.    Monroe County was aided and abetted in the aforesaid racial discrimination, harassment, and retaliation by Robert Burns who permitted and perpetrated the acts of discrimination and retaliation resulting in Mr. Evans' loss of livelihood for himself and his family.

66.    As a consequence of the discrimination and retaliation, Mr. Evans has suffered anxiety, depression, humiliation, and emotional distress, in addition to loss of wages, salary and other benefits.

**AS AND FOR A FIRST CLAIM**
**(DISCRIMINATION UNDER TITLE VII)**

67.    Plaintiff repeats and realleges paragraphs 1 through 66 of this Complaint as if fully set forth herein.

68.    Mr. Evans is an African American male and a member of protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., ("Title VII")

69.    Title VII prohibits an employer from discriminating against any individual with respect to compensation, terms, conditions or privileges of employment on the basis of their race and/or sex.

70.    By the acts and conduct described herein, Monroe County discriminated against Mr. Evans in the terms, conditions and privileges of his employment in violation of Title VII.

71.    As a result of Monroe County's unlawful acts, Mr. Evans has suffered, and

10

continues to suffer, lost wages, compensation, salary and other benefits, physical and psychological harm, emotional distress, and other damages.

72.    Mr. Evans seeks damages and all other forms of relief available under and pursuant to Title VII.

73.    Defendant Monroe County also engaged in discriminatory practices as alleged herein with malice or reckless indifference to Mr. Evan's federally protected rights for which Mr. Evans is also entitled to compensatory and punitive damages pursuant to 42 U.S.C. §1981a.

## AS AND FOR A THIRD CLAIM
### (DISPARATE TREATMENT UNDER TITLE VII)

74.    Plaintiff repeats and realleges paragraphs 1 through 73 of this Complaint as if fully set forth herein.

75.    By the acts and conduct described herein, Monroe County treated its African American and/or male employees, including Mr. Evans, less favorably than it treated similarly situated Caucasian and/or female employees in violation of Title VII.

76.    Based upon the foregoing, Monroe County discriminated against Mr. Evans in the terms, conditions, and privileges of his employment in violation of Title VII.

77.    As a result of the Monroe County's unlawful acts, Mr. Evans has suffered, and/or continues to suffer, lost wages, compensation, salary, and other benefits, physical and psychological harm, emotional distress, and other damages.

78.    Mr. Evans seeks damages and all other forms of relief available under to Title VII.

## AS AND FOR A FOURTH CLAIM
### (RETALIATION UNDER TITLE VII & 42 U.S.C. § 1981)

79.    Plaintiff repeats and realleges paragraphs 1 through 78 of this Complaint as if fully set forth herein.

11

80. Mr. Evans engaged in protected activities when he made complaints of discriminatory conduct as alleged herein.

81. Defendants were aware that Mr. Evans had engaged in these protected activities.

82. Mr. Evans suffered adverse employment actions as a result of having engaged in these protected activities.

83. Based upon the foregoing, the Defendants discriminated and retaliated against Mr. Evans in the terms, conditions, and privileges of his employment in violation of Title VII and 42 U.S.C. § 1981.

84. As a result of the Defendants' unlawful acts, Mr. Evans has suffered and continues to suffer, lost wages, compensation, salary, and other benefits, physical and psychological harm, emotional distress, and other damages.

85. Mr. Evans seeks damages and all other forms of relief available under to Title VII and 42 U.S.C. § 1981.

## AS AND FOR A FIFTH CLAIM
## (DISCRIMINATION ON BASIS OF RACE IN VIOLATION OF 42 U.S.C. § 1981)

86. Plaintiff repeats and realleges paragraphs 1 through 85 of this Complaint as if fully set forth herein.

87. Defendant Monroe County, by and through its employees, discriminated against plaintiff on the basis of race by subjecting plaintiff to disparate treatment in the terms, privileges, and conditions of his employment in violation of 42 U.S.C. § 1981.

88. Defendant's unlawful acts have caused plaintiff economic damages in the form of lost income, benefits, and consequential damages in an amount to be proved at trial, but which plaintiff estimates to be no less than $1,000,000.00.

89. Defendant's unlawful acts have caused plaintiff non-economic damages in the form

of emotional distress, in an amount to be proved at trial, but which plaintiff estimates to be no less than $1,000,000.00.

## AS AND FOR A SIXTH CLAIM
### (UNLAWFUL DISCRIMINATION UNDER 42 U.S.C. § 1983)

90.    Plaintiff repeats and realleges paragraphs 1 through 89 of this Complaint as if fully set forth herein.

91.    Defendant Monroe County was and is a duly constituted governmental entity formed under laws of the State of New York.

92.    Said Monroe County has the power and authority to make and enforce rules and regulations and to appoint and hire employees for the management, control, and security of the various departments within the County of Monroe.

93.    In doing the acts alleged in this complaint, defendant Monroe County, through its employees, has acted and is acting under the color of the laws of the State of New York.

94.    Under the color of law, defendant Monroe County has deprived plaintiff, because of his race and/or sex, of rights, privileges, and immunities secured to him by the Constitution and laws of the United States. Defendant Monroe County has deprived plaintiff of:

    a.  His right to continued employment with defendant Monroe County, and

    b.  His right under equal protection of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

95.    As a direct consequence of the acts of defendant, plaintiff suffered much anxiety and distress and has been deprived of wages and other benefits to which he is entitled.

13

## AS AND FOR A SEVENTH CLAIM
## (DISCRIMINATION UNDER SECTION 296 OF THE HUMAN RIGHTS LAW)

96.     Plaintiff repeats and realleges paragraphs 1 through 95 of this Complaint as if fully set forth herein.

97.     Mr. Evans is an African American male and a member of a protected class under § 296 of the New York State Executive Law.

98.     Section 296 prohibits an employer from discriminating against any individual with respect to compensation, terms, conditions or privileges of employment on the basis of race and/or sex.

99.     By the acts and conduct described herein, Monroe County discriminated against Mr. Evans in the terms, conditions, and privileges of his employment in violation of § 296.

100.    As a result of the Monroe County's unlawful acts, Mr. Evans has suffered, and/or continues to suffer, lost wages, lost fair pay, disparate compensation, salary, and other benefits, physical and psychological harm, emotional distress, and other damages.

101.    Mr. Evans seeks damages and all other forms of relief to the full extent available under § 296.

## AS AND FOR A NINTH CLAIM
## (DISPARATE TREATMENT UNDER SECTION 296 OF THE HUMAN RIGHTS LAW)

102.    Plaintiff repeats and realleges paragraphs 1 through 101 of this Complaint as if fully set forth herein.

103.    By the acts and conduct described herein, Monroe County treated its African American male employees, including Mr. Evans, less favorably than it treated similarly situated Caucasian and/or female employees in violation of § 296.

104. Based upon the foregoing, Monroe County discriminated against Mr. Evans in the terms, conditions, and privileges of his employment in violation of § 296.

105. As a result of the Monroe County's unlawful acts, Mr. Evans has suffered, and/or continues to suffer, lost wages, compensation, salary, and other benefits, physical and psychological harm, emotional distress, and other damages.

106. Mr. Evans seeks damages and all other forms of relief to the full extent available under § 296.

## AS AND FOR A TENTH CLAIM
## (RETALIATION UNDER SECTION 296 OF THE HUMAN RIGHTS LAW)

107. Plaintiff repeats and realleges paragraphs 1 through 106 of this Complaint as if fully set forth herein.

108. Mr. Evans engaged in protected activities when he made complaints of discriminatory conduct as alleged herein.

109. Defendants were aware that Mr. Evans had engaged in these protected activities.

110. Mr. Evans suffered adverse employment actions as a result of having engaged in these protected activities.

111. Based upon the foregoing, the Defendants discriminated and retaliated against Mr. Evans in the terms, conditions, and privileges of his employment in violation of § 296.

112. As a result of the Defendants' unlawful acts, Mr. Evans has suffered and continues to suffer, lost wages, compensation, salary, and other benefits, physical and psychological harm, emotional distress, and other damages.

113. Mr. Evans seeks damages and all other forms of relief available under § 296.

## AS AND FOR AN ELEVENTH CLAIM
## (AIDING AND ABETTING UNDER
## SECTION 296 OF THE HUMAN RIGHTS LAW)

114. Plaintiff repeats and realleges paragraphs 1 through 113 of this Complaint as if fully set forth herein.

115. Defendant Burns directly participated and thereby aided and abetted in the unlawful discrimination and the retaliatory conduct described herein.

116. Based upon the foregoing, defendant Burns discriminated against Mr. Evans in the terms, conditions, and privileges of his employment in violation of § 296(6).

117. As a result of these unlawful acts, Mr. Evans has suffered, and/or continues to suffer, lost wages, compensation, salary, and other benefits, physical and psychological harm, emotional distress, and other damages.

118. Mr. Evans seeks damages and all other forms of relief to the full extent available under § 296.

## AS AND FOR A TWELFTH CLAIM
## (AIDING AND ABETTING UNDER
## SECTION 296 OF THE HUMAN RIGHTS LAW)

119. Plaintiff repeats and realleges paragraphs 1 through 118 of this Complaint as if fully set forth herein.

120. Defendant Younge directly discriminated, participated, and aided and abetted in the unlawful discrimination and retaliatory conduct described herein.

121. Based upon the foregoing, defendant Younge discriminated against Mr. Evans in the terms, conditions, and privileges of his employment in violation of § 296(6).

122. As a result of these unlawful acts, Mr. Evans has suffered, and/or continues to suffer, lost wages, compensation, salary, and other benefits, physical and psychological harm,

16

emotional distress, and other damages.

123.   Mr. Evans seeks damages and all other forms of relief to the full extent available under § 296.

## DEMAND FOR TRIAL BY JURY

124.   Plaintiff repeats and realleges paragraphs 1 through 123 of this Complaint as if fully set forth herein.

125.   Plaintiff hereby demands a trial by jury on all counts and issues so triable.

**WHEREFORE,** Plaintiff, Andrae Evans, prays to this Court for the following relief:

(a).   judgment declaring and adjudging that defendants violated plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5 et seq., 42 U.S.C. § 1981, 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and Article 15 of the New York Executive Law § 296;

(b).   a permanent injunction enjoining defendant(s), its employees, agents, members, successors, confederates, subordinate agency officers, attorneys, and those acting in concert with it and at its direction from engaging in discriminatory practices against African American employees;

(c).   an order to re-instate plaintiff to his former position as Safety and Security Administrator with increased pay and benefits that he would have been entitled to had he not been unlawfully discriminated against and constructively terminated;

(d).   an award to Plaintiff for all back pay, salary, wages, and related benefits;

(e).   an award to Plaintiff of compensatory damages in an amount to be determined upon the trial of this action, for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other damages suffered by Plaintiff as a result of

17

Defendants' unlawful conduct;

  (f).    an award to Plaintiff of punitive damages in an amount to be determined upon the trail of this action;

  (g).    an award of interest;

  (h).    an award for Plaintiff's attorneys' fees, costs and disbursements, including but not limited to expert witness fees; and

  (i).    such and further relief as the Court may deem just and proper and to the maximum extent allowed by law.

Dated: July 3, 2019
Rochester, New York

                **BROWN HUTCHINSON LLP**

          **By:**   _____
             T. Andrew Brown, Esq.
             *Attorneys for Plaintiff*
             925 Crossroads Building
             Two State Street
             Rochester, New York 14614
             (585)-454-5050
             abrown@brownhutchinson.com

## VERIFICATION

STATE OF NEW YORK)
COUNTY OF MONROE)        ss:

ANDRAE EVANS, being sworn, deposes and says that he is the Plaintiff in the within action, that he has read the contents of the foregoing instrument and knows the contents thereof, that the same is true to his own knowledge, except as to the matters, if any, therein stated to be alleged on information and belief, and that as to those matters he believes them to be true.

_____
ANDRAE EVANS

Sworn to before me this

3RD day of July, 2019.

_____
Notary Public

OKEANO N. BELL
NOTARY PUBLIC, State of New York
Qualified in Monroe County
Reg. No. 02BE6390990
Commission Expires April 29, 2023

19